Mr. Dick Jarboe Attorney at Law 213 West Main Walnut Ridge, AR 72476-0549
Dear Mr. Jarboe:
You have requested my approval of an agreement, entitled "Interlocal Agreement," between the City of Walnut Ridge, Arkansas and Lawrence County, Arkansas. You have not cited the authority for my review of the agreement, nor does the agreement identify the authority under which it is entered. It is my assumption, however, that it is entered pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq., which provides for cooperative enterprises between or among "public agencies" — the definition of which would clearly apply to both parties to the proposed agreement. See § A.C.A. 25-20-103(1)(B).
Accordingly, I am required by law to determine whether the agreement "is in proper form and compatible with the laws of this state." A.C.A. §25-19-104(f).[1]
The purpose of the "Interlocal Agreement" is to "establish the terms of an agreement to establish a central communications facility for Lawrence County, Arkansas and the City of Walnut Ridge, Arkansas. This central communications system will include 911 and all dispatch services for the City of Walnut Ridge, Arkansas, including police and fire."
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
(5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
Id. at subsection (d).
RESPONSE
Having analyzed the agreement, I find that it does not meet all of the conditions set forth in A.C.A. § 25-20-104. Specifically, it fails to specify the method for the disposal of property, if any, upon termination of the agreement. A.C.A. § 25-20-104(c)(4), supra. Additionally, it fails to specify the manner of holding and disposing of property used in the joint undertaking. Id. at (d)(2), supra.
With regard to the latter item, the tenth paragraph of the agreement provides that Lawrence County will furnish all necessary office space and equipment. I interpret this to address the "manner of acquiring" property used in the undertaking. Id. According to my review, however, there is no provision addressing the manner of "holding and disposing of" property.Id.
Accordingly, it is my opinion that the agreement does not meet the requirements of the Interlocal Cooperation Act, and therefore cannot be approved in its current form.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] I note in this regard that cities and counties are authorized to "associate and cooperate with one another on an informal basis without complying with the detailed procedure set out in [the Interlocal Cooperation Act." A.C.A. § 25-19-104 (h). Nevertheless, because you have submitted the agreement for my approval, I am assuming the applicability of the Interlocal Cooperation Act. My assumption in this regard is also based upon the presumed inapplicability of A.C.A. § 14-14-910, which also authorizes counties to enter into interlocal agreements, given the fact that neither the state nor any state agency is a party to the agreement.Id. at subsection (e).